**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BALJINDER SINGH CHEEMA,

*Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

*Respondent.*

No. 08-72451

Agency No.
A095-592-620

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
July 18, 2012—San Francisco, California

Filed September 6, 2012

Before: Ferdinand F. Fernandez, Richard A. Paez, and
Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nguyen

**COUNSEL**

Robert Bradford Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, California, for petitioner Baljinder Singh Cheema.

Stefanie N. Hennes, Dep't of Just., Washington, DC; Chief Counsel ICE; Blair O'Connor, Dep't of Just., Washington, DC; OIL, Dep't of Just., Washington, DC; Jonathan Aaron Robbins, Esq., Dep't of Just., Washington, DC; Luis E. Perez,

Dep't of Just., Washington, DC, for respondent, Atty Gen. Eric H. Holder Jr..

## OPINION

NGUYEN, Circuit Judge:

Petitioner Baljinder Singh Cheema ("Cheema") admits that he filed a fabricated asylum application that was supported by fraudulent documents. Cheema nevertheless challenges the immigration judge's ("IJ") finding that he knowingly filed a frivolous application. Under 8 U.S.C. § 1158(d)(6), an asylum applicant who is determined to have knowingly filed a frivolous application is permanently ineligible for immigration benefits. In recognition of the severity of this penalty, Congress explicitly restricted its application to individuals who received notice of the consequences of filing a frivolous application and of the privilege of being represented by counsel, pursuant to 8 U.S.C. § 1158(d)(4)(A). In this case, we must decide, as an issue of first impression in this circuit, whether the written advisals provided on the standard I–589 asylum application form constitute sufficient notice under 8 U.S.C. § 1158(d)(4)(A). Cheema contends that because the advisals are inadequate, the IJ erred in finding that he filed a frivolous asylum application, and therefore he should not be permanently barred from receiving immigration benefits. Because we conclude that the asylum application form he signed provides sufficient notice under § 1158(d)(4)(A), we deny Cheema's petition for review.

## I.

## BACKGROUND

Cheema, a citizen and native of India, entered the United States without inspection on May 15, 2002. In August 2002,

Cheema submitted an application, standard form I–589, seeking asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). In his application, Cheema alleged that he was persecuted in India because of his involvement with the All India Sikh Student Federation. Specifically, Cheema claimed that he had been arrested, detained, interrogated, and beaten in April 1997 and September 1999. He further asserted that upon leaving India in December 2000, he spent sixteen months in Bahrain and subsequently entered the United States through Mexico in May 2002.

Cheema signed his asylum application beneath a warning in bold typeface which states:

> *WARNING*: . . . **Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. See 208(d)(6) of the Act and 8 CFR 208.20.**

Directly above the signature line, the form also explained that:

> Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim?

Applicants are then instructed to check a box indicating "yes" or "no." Cheema checked neither box.

Cheema signed his name a second time at the bottom of the form, certifying "under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct." An interpreter certified that he prepared the application at Cheema's direction and read it to Cheema in Cheema's native language,

or a language that Cheema understood, before Cheema signed it.

Upon appearing before an asylum officer on November 15, 2002, Cheema signed another oath stating that he "underst[ood] that if [he] filed [his] asylum application on or after April 1, 1997, [he] shall be permanently ineligible for any benefits under the [INA] if [he] knowingly made a frivolous application for asylum." An interpreter certified that the statements contained in the oath had been read to Cheema in Punjabi, and Cheema indicated that he understood the statements.

On May 11, 2005, the Department of Homeland Security ("DHS") issued Cheema a Notice to Appear, charging him with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), for having unlawfully entered the United States. At the outset of his removal hearing before an IJ, Cheema testified that he read, wrote, and spoke English, that he had reviewed his application for asylum, and that the application said "everything [he] want[ed] [the court] to know." After swearing that the contents of his application were true, he testified that the Indian police harassed, detained, and severely beat him on two occasions. On cross-examination, however, the government presented documents which called into question the veracity of Cheema's story.[1] When confronted with the obvious inconsistencies in his narrative, Cheema confessed that he fabricated his entire claim for asylum, including the documents supporting his application.

---

[1]The government presented two specific pieces of evidence that contradicted Cheema's testimony: (1) an Indian passport in the name of Baljinder Cheema, contradicting Cheema's testimony that he never obtained an Indian passport in his own name but rather used a passport in the name of Ranjit Singh in order to enter Bahrain, and (2) documents from Canadian Immigration Services showing that Cheema had lived and applied for asylum in Canada, contradicting his testimony that he was only in Bahrain, Germany, and Mexico before entering the United States.

On February 13, 2007, the IJ denied all of Cheema's claims for relief, relying largely on Cheema's confession that he fabricated the application. The IJ found that Cheema had filed a frivolous asylum application for the purpose of obtaining an immigration benefit, in violation of 8 U.S.C. § 1158(d)(6), and was therefore permanently ineligible for relief under the INA.

On appeal to the Board of Immigration Appeals ("BIA"), Cheema argued that he did not receive proper notice of the consequences of knowingly filing a frivolous application and of the privilege of being represented by counsel, as required by INA § 208(d)(4)(A), 8 U.S.C. § 1158(d)(4)(A). The BIA, however, affirmed the IJ's finding of frivolousness and dismissed Cheema's appeal. Cheema timely filed a petition for review with this court.

## II.

### STANDARD OF REVIEW

We have jurisdiction under 8 U.S.C. § 1252(a) to review the denial of an asylum application when a petitioner raises legal questions, or mixed questions of law and fact. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). "Where . . . the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). While the BIA's interpretation and application of immigration laws are generally entitled to deference, *see Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006), where its decision is based on a "purely legal question concerning the meaning of the immigration laws," we apply de novo review. *Minasyan v. Mukasey*, 553 F.3d 1224, 1227 (9th Cir. 2009) (quoting *Lagandaon v. Ashcroft*, 383 F.3d 983, 987 (9th Cir. 2004)) (internal quotation marks omitted).

## III.

## ANALYSIS

**[1]** The statute governing asylum applications, 8 U.S.C. § 1158, provides:

> If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice under paragraph (4)(A), the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application.

8 U.S.C. § 1158(d)(6).[2] Paragraph (4)(A) of subsection (d) articulates what notice must be provided in order for the permanent bar to become effective. It states:

> At the time of filing an application for asylum, the Attorney General shall —
>
> (A) advise the alien of the privilege of being represented by counsel and of the consequences, under paragraph (6), of knowingly filing a frivolous application for asylum[.]

*Id.* § 1158(d)(4)(A).

**[2]** As previously noted, we have yet to squarely address whether the advisals on the standard asylum application form provide adequate notice of the right to be represented by counsel and of the consequences of knowingly filing a frivo-

_____

[2]An asylum application is deemed frivolous "if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20; *cf. In re Y-L-*, 24 I. & N. Dec. 151, 155 n.1 (BIA 2007) ("In light of the regulatory requirement that there be evidence of a deliberate fabrication of a material element of a claim, the term 'fraudulent' may be more appropriate than the term 'frivolous' when applied to a questionable asylum application.").

lous asylum application. Nor has the BIA offered guidance on this matter. *See Yang v. Gonzales*, 496 F.3d 268, 275 n.3 (2d Cir. 2007) (per curiam) (noting that the BIA had yet to "opine on whether the notice [on the standard asylum application form] alone would suffice under the notice requirement"); *Luciana v. Att'y Gen. of the U.S.*, 502 F.3d 273, 281 (3d Cir. 2007) (same).

We have, however, touched upon the issue before. In *Toj-Culpatan v. Holder*, we assessed whether an alien demonstrated extraordinary circumstances sufficient to excuse the untimely filing of his application. 612 F.3d 1088 (9th Cir. 2010) (per curiam). In rejecting the petitioner's contention that an asylum application can only be filed in open court, we noted that the "[standard I-589 asylum] application form itself provides the requisite [frivolousness] warnings." *Id.* at 1092 n.4; *see also Khadka v. Holder*, 618 F.3d 996, 1006 (9th Cir. 2010) (Hall, J., concurring in part and dissenting in part) (noting that the petitioner had sufficient notice of the consequences of filing a frivolous asylum application based on the warning provided in the standard I-589 asylum application form).[3]

**[3]** To date, only one Court of Appeals, the Tenth Circuit, has examined whether the warnings on the standard asylum application form provide adequate notice for purposes of triggering the penalty in § 1158(d)(6). In *Ribas v. Mukasey*, it held that "as a matter of law, . . . the written notice provided on the asylum form is sufficient." 545 F.3d 922, 930 (10th Cir. 2008). Reasoning that the statute does not require any particular form of notice, the court concluded that "[t]he wording of this notice [in the asylum application] supplies all

---

[3]We have also previously stated in dicta that the notice must be issued by an immigration judge. *See Chen v. Mukasey*, 527 F.3d 935, 940 (9th Cir. 2008). However, we do not consider this dicta dispositive, as the issue in *Chen* was whether subsequent withdrawal of an asylum application bars an IJ from making a finding of frivolousness.

of the information concerning the consequences of filing a frivolous application to which the alien is entitled under the unambiguous language of § 1158(d)(4)(A)." *Id.*

**[4]** We join the Tenth Circuit in concluding that the written warning on the asylum application adequately notifies the applicant of both the consequences of knowingly filing a frivolous application for asylum as well as the privilege of being represented by counsel, as required by 8 U.S.C. § 1158(d)(4)(A). The form states in clear, conspicuous, bold lettering on the signature page that "[a]pplicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act." Cheema signed this page, below the bold warning. The form therefore notified Cheema of the consequences specified by 8 U.S.C. § 1158(d)(6)— permanent ineligibility for any immigration benefits—that would attach to the knowing filing of a frivolous asylum application.[4]

**[5]** Similarly, we conclude that the application form adequately notified Cheema of the privilege of being represented by counsel. As previously noted, the form states in plain language that "applicants may be represented by counsel" directly above the signature line. Cheema contends that because he did not check the box indicating whether he had received the "list of persons who may be available to assist . . . with [his] asylum claim[,]" he therefore was not adequately advised of his right to counsel. However, the unchecked box means only that Cheema may or may not have received a list of legal service providers. It does not mean that

---

[4]Cheema also argues that the notice on the application is inadequate because he is not a native English speaker. To the extent Cheema suggests that he did not understand the advisals on the form, his contention is belied by undisputed evidence in the record. Cheema testified before the IJ that he read, wrote, and spoke English, and his interpreter certified that he prepared the asylum application at Cheema's direction and read it to him in Cheema's native language, or a language that Cheema understood.

he was unaware of his right to counsel, or that the clear statement on the form advising him of this right was insufficient.

Finally, Cheema argues that the notice must have been provided "[a]t the time of filing an application for asylum[,]" meaning at the time that an alien appears in person before an asylum officer or immigration judge and swears to the truth of his application. The record demonstrates that Cheema did, in fact, receive notice of the consequences of filing a frivolous asylum application when he appeared before an asylum officer on November 15, 2002. Specifically, Cheema signed a document titled "Record of Applicant's Oath During an Interview," which stated:

> I also understand that if I filed my asylum application on or after April 1, 1997, I shall be permanently ineligible for any benefits under the Immigration and Nationality Act if I knowingly made a frivolous application for asylum.

A Punjabi interpreter also signed the document, attesting that he read this statement to Cheema, and that Cheema indicated that he understood. Accordingly, the facts of this case do not square with Cheema's argument.

In any event, Cheema fails to identify any legal support for his position. Not only is his interpretation of the "time of filing" unsupported by the plain meaning of the text, it does not square with the governing regulations as they read in 2002. *See* 8 C.F.R. § 208.4(b)(1)–(2) (1997) (revised July 5, 2009) (directing applicants to file by mail with a regional service center but providing for direct filing with the asylum office under certain circumstances). Cheema's position is further undercut by his concession, in his Reply Brief before this court, that the statute does not otherwise require notice to be given orally by an IJ or asylum officer. *See Ribas*, 545 F.3d at 929 ("[N]othing in the statute requires that the notice be

provided in verbal form or that the consequences of filing a frivolous application be explained in detail to the applicant.").

**[6]** The notice is on the application itself, which must be signed by the alien, and because the alien is the person who is responsible to determine precisely how and when the application will be activated by filing, we deem the notice to have, indeed, been given to him at the time of filing. That is true, even if the alien (or his representatives) have chosen to hold the application for days or months before actually presenting it to the authorities in the proper manner, whether directly or by some other means, such as mail, private package service, or courier. In any of those instances, we are satisfied that the alien did, indeed, receive notice in the manner intended by Congress. Accordingly, we reject Cheema's contention that notice is insufficient unless it is provided at the time of a hearing before an IJ or asylum officer.

## IV.

## CONCLUSION

**[7]** We hold that, as a matter of law, the written advisals on the I–589 asylum application form provide applicants with adequate notice of the consequences of filing a frivolous asylum application and of the privilege of being represented by counsel, as required by 8 U.S.C. § 1158(d)(4)(A). Because Cheema received adequate notice under § 1158(d)(4)(A), we affirm the BIA's order upholding the IJ's finding that he knowingly filed a frivolous asylum application.

**PETITION DENIED.**