**NOT FOR PUBLICATION**



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARWINDER KAUR, | No. 09-70210 |
| Petitioner, | Agency No. A097-101-658 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2012[**]
San Francisco, California

Before: FERNANDEZ, PAEZ, and NGUYEN, Circuit Judges.

Harwinder Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order affirming an immigration judge's

("IJ") decision denying her application for asylum and withholding of removal, as

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

well as her petition for relief under Article III of the Convention Against Torture ("CAT"). Kaur also appeals the BIA's affirmance of the IJ's finding that she filed a frivolous asylum application, permanently barring her from relief under the Immigration and Nationality Act ("INA"). Our jurisdiction is governed by 8 U.S.C. § 1252. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We review de novo the agency's legal conclusions. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny Kaur's petition for review.

Kaur contends that she should not be permanently barred from receiving INA benefits because she was not properly advised of the consequences of filing a frivolous asylum application, as required by 8 U.S.C. § 1158(d)(4)(A). However, it is undisputed that Kaur signed the standard I–589 asylum application form. As we held in *Cheema v. Holder*, No. 08-72451, filed concurrently with this memorandum, the conspicuous warning on this form provided Kaur with adequate notice of the consequences of knowingly filing a frivolous asylum application. Accordingly, because we conclude that Kaur received adequate notice, we uphold the BIA's finding of frivolousness.[1]

---

[1] Because a finding of frivolousness bars an applicant from relief under the INA, *see* 8 U.S.C. § 1158(d)(6), we need not decide whether Kaur met her burden of demonstrating eligibility for witholding of removal.

Kaur also contends that she was denied due process at the removal hearing because the IJ refused to allow her to amend her asylum application. To establish a due process violation, an alien must show that "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case[.]" *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks and citation omitted). Additionally, she must also show prejudice. *See Jacinto v. INS*, 208 F.3d 725, 728 (9th Cir. 2000). These requirements are not met in this case. An IJ has discretion to allow an alien to amend her asylum application at any point after an application has been filed. 8 C.F.R. § 1208.4(c). Here, Kaur was given ample time to complete and file an amended application before her hearing, but declined to do so until after the government impeached her testimony. Therefore, the IJ did not abuse his discretion in denying Kaur's request to amend her application at that point. Further, Kaur has not met her burden of demonstrating that an amended application would have affected the outcome of the proceedings. *See Jacinto*, 208 F.3d at 734.

Because Kaur failed to establish that it is "more likely than not" that she would be tortured if removed, her claim for protection under the CAT also fails. 8 C.F.R. § 1208.16(c)(2); *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

Kaur's challenge to the IJ's denial of voluntary departure is also

unpersuasive. Kaur was statutorily ineligible for voluntary departure, as an alien who gave false testimony under oath within the applicable time period. See 8 U.S.C. § 1229c(b)(1)(B); 8 U.S.C. § 1101(f)(6).

**PETITION DENIED.**