

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEEMA GUNDU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73764<br><br>Agency No. A095-575-856<br><br>MEMORANDUM[*] |
| SEEMA GUNDU, AKA Seema Vishist,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-73113<br><br>Agency No. A095-575-856 |
| SEEMA GUNDU, AKA Seema Vishist,<br><br>Petitioner,<br><br>v. | No. 11-73259<br><br>Agency No. A095-575-856 |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 10, 2014
San Francisco, California

Before: SCHROEDER, OWENS, and FRIEDLAND, Circuit Judges.

Petitioner Seema Gundu seeks review of the Board of Immigration Appeals' ("BIA") decisions denying her applications for asylum, withholding of removal, and protection under Article III of the Convention Against Torture ("CAT"), as well as its denials of her two motions to reopen. We deny the petition on all of her claims except her claim that the BIA abused its discretion in failing to address the contention in her first motion to reopen filed January 25, 2010, that, if returned to India, she would face violence from her former husband. We remand so that the BIA can consider that claim.

The case has had a long and convoluted history beginning with the Immigration Judge's ("IJ") grant in 2004 of a government motion to pretermit on the ground that she filed a false and frivolous asylum application. Because Petitioner had never had an opportunity to timely respond to the claim of

2

frivolousness, the BIA remanded. After considering the government's renewed motion and Petitioner's written opposition, the IJ again pretermitted her asylum application for frivolousness. The IJ further found she lacked credibility and denied her withholding of removal and CAT applications.

Petitioner argues that she was entitled to a hearing before the IJ deemed her asylum application frivolous, but there is no such requirement where, as here, a petitioner is given an opportunity to explain discrepancies at some point. *See Kulakchyan v. Holder*, 730 F.3d 993, 996 (9th Cir. 2013) (holding that petitioner's brief in opposition to pretermission motion provided sufficient opportunity to explain prior misrepresentations). Petitioner knowingly "filed" her asylum application by signing it at her asylum interview, swearing to the truth of its contents. Petitioner also cannot claim inadequate notice of the consequences of filing a frivolous application because "written warning on the asylum application adequately notifies the applicant of . . . the consequences of knowingly filing a frivolous asylum application." *Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012).

Although Petitioner's opening brief challenges the adverse credibility finding that supported the IJ's denial of her withholding of removal and CAT claims, Petitioner's counsel commendably conceded the validity of the adverse

3

credibility finding at oral argument. Counsel instead stressed at oral argument that the BIA had misstated the record when it stated in its October 28, 2009, decision that the IJ had considered domestic abuse allegations when it found the asylum application was frivolous. But, that argument was not briefed, and contentions raised for the first time at oral argument are waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

In her first motion to reopen, Petitioner argued that her situation had changed in that her former husband had returned to India and had threatened to burn her alive if she were sent back. The BIA denied the motion without addressing this argument, and we have held this to be an abuse of the BIA's discretion. *See*, *e.g., Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006). We therefore remand to the BIA for the limited purpose of considering this claim.

Finally, Petitioner argues that the BIA erred in holding that her second motion to reopen was untimely and number-barred. We conclude Petitioner first had reason to know of the ineffective assistance of counsel alleged in her second motion to reopen when the BIA denied her appeal in 2009. *See Avagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011) (noting petitioner first has reason to suspect

4

counsel's deficient performance when an appeal prepared by that counsel is denied). Nevertheless, Petitioner waited almost a year to retain new counsel and then another several months to file her second motion to reopen. Because Petitioner was not diligent in bringing her second motion to reopen, Petitioner was not entitled to equitable tolling. The BIA therefore did not err by denying it as untimely and number-barred. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (holding equitable tolling requires petitioner to have acted with due diligence in discovering error).

Petition **GRANTED** in part and **DENIED** in part. The parties shall bear their own costs.