**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAWINDER SINGH SIDHU,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 11-71683

Agency No. A089-650-542

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2015[**]
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[***]

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Barbara Jacobs Rothstein, Senior United States District
Judge for the Western District of Washington, sitting by designation.

Dawinder Singh Sidhu ("Singh"), a native and citizen of India, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition for review.

Singh filed his asylum application after the effective date of the REAL ID Act. Pub. L. No. 109–13, 119 Stat. 231. "Under the REAL ID Act, the IJ may base an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a 'bearing on a petitioner's veracity.'" *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)).

Substantial evidence supports the agency's adverse credibility determination. *See Shrestha*, 590 F.3d at 1039. In particular, the IJ reasonably concluded that Singh failed to establish his identity based on documentary evidence that showed that he had also used the surname "Dass." *See Kalouma v. Gonzales*, 512 F.3d 1073, 1079 (9th Cir. 2008) ("Part of [the applicant's] case . . . must be satisfactory proof of his refugee status in which identity operates as an element."). Singh's father was listed as "Dass" on Singh's daughter's birth certificate, as well as on Singh's pre-corrected I-589 Form and passport. Further, Singh's name is listed as "Dass" in a Notice of Entry of

2

Appearance Form that he signed, and Singh's date of birth in his pre-corrected I-589 matches the date of birth listed in two non-immigrant visa applications submitted by a person named "Dass." The visa applications feature many of Singh's biographical details, including his passport number, place of birth, telephone number, and mother and wife's names. Given the significant overlapping information, the IJ's determination that Singh filed the applications was also supported by substantial evidence.

The IJ articulated specific, cogent reasons for the credibility determination based on inconsistencies drawn from a review of the entire record and did not fail to consider evidence that might corroborate Singh's claims. *Shrestha*, 590 F.3d at 1040–41. The IJ addressed Singh's contentions that clerical errors explain the inconsistencies and that the non-immigrant visas were the product of identity fraud.

The IJ also denied Singh's application because it was frivolous under 8 U.S.C. § 1158(d)(6). In making this finding, the IJ followed the four-part test established in *Matter of Y–L–*, 24 I. & N. Dec. 151 (BIA 2007): "First, an asylum applicant must have notice of the consequences of filing a frivolous application. Second, the IJ or Board must make specific findings that the applicant knowingly filed a frivolous application. Third, those findings must be supported by a preponderance of the evidence. Finally, the applicant must be given sufficient opportunity to account for

3

any discrepancies or implausibilities in his application." *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008) (internal citations omitted). The agency's compliance with the four-part framework is a question of law reviewed de novo, *Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011), with factual findings reviewed for substantial evidence, *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011).

The agency clearly satisfied each of the four elements. Singh had notice of the consequences of filing a frivolous application because the application form he completed warned him of them. *Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012). The IJ's findings were specific and supported by a preponderance of the evidence. It is more likely than not that Singh fabricated his identity, a material element of his asylum application. Further, the IJ's determination that Singh submitted two non-immigrant visas, and thus, was not physically present in India at the time he asserts he was being persecuted—the heart of his asylum claim—is supported by a preponderance of the evidence. Last, Singh had a sufficient opportunity to account for his fraud and failed to do so. Direct and circumstantial evidence supports the IJ's conclusion that Singh filed a fraudulent application. *Ahir*, 527 F.3d at 918.

**PETITION DENIED.**