**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMA PETROSYAN, AKA Emma Galseyan, AKA Emma Galstyan,<br><br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br><br>Respondent. | No. 13-71816<br><br>Agency No. A089-311-998<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2016[**]
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and SESSIONS,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Emma Petrosyan, a native of the former Soviet Union and a citizen of Armenia, petitions for review of the Board of Immigration Appeals's ("Board") April 30, 2013 ruling that she filed a frivolous asylum application. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the Board's determination that an applicant knowingly filed a frivolous asylum application *de novo* "for compliance with the procedural framework outlined by the BIA." *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (per curiam) (alteration and internal quotation marks omitted) (quoting *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010)). We review administrative findings of fact for substantial evidence. *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir. 2005). For the reasons set forth below, we deny Petrosyan's petition for review.

Pursuant to *In re Y-L*, 24 I. & N. Dec. 151, 155 (BIA 2007), the Board may find an asylum application to be frivolous only if it complies with several procedural safeguards. Those requirements include:

> (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

*Id.*  The Ninth Circuit expressly adopted that framework in *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008).

Here, the record makes clear that the Board complied with the procedural requirements outlined in *In re Y-L.*  To begin, the asylum application signed by Petrosyan included a warning that applicants who knowingly submit frivolous applications will become permanently ineligible for benefits under the INA.  *See Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012) (holding that a written warning on an asylum application adequately notifies an applicant of the consequences of filing a frivolous application).  Petrosyan also received an oral warning from the Immigration Judge ("IJ") prior to testifying at the merits hearing.  Next, the Board made a specific finding that Petrosyan knowingly filed a frivolous asylum application, and sufficient record evidence supported that finding.  Indeed, Petrosyan admits that she deliberately made false representations in her application regarding both her identity and her marital status, as well as whether she had children, whether she had ever been in immigration proceedings, and whether she had previously applied for asylum.  Finally, the IJ provided Petrosyan with multiple opportunities to explain the discrepancies in her application.  Petrosyan testified that she made the misrepresentations because she was "simply scared to

1 3-71816

go back" to Armenia and because someone "put the pressure on [her] saying not to tell that it was [her]."

Petrosyan argues that the Board erred in failing to excuse her misrepresentations in light of her explanation that she feared separation from her husband and daughter. That argument is unavailing. Even if there is a "duress" exception to a frivolousness finding, fear of familial separation does not rise to the level necessary to satisfy it. Accordingly, the Board did not err in rejecting Petrosyan's reasons for filing a frivolous asylum application.

Petrosyan also argues that the Board erred in making a frivolousness finding because she received ineffective assistance from an immigration consultant who prepared her asylum application. Petrosyan asserts that had she been properly represented by counsel at the time her application was referred to the Immigration Court, she would have withdrawn her application immediately rather than proceeding to the merits hearing. Although the nature of Petrosyan's argument is somewhat unclear, there is little support for her assertion in the record, as she was represented by counsel every time she appeared before the IJ. At the first hearing, Petrosyan's attorney indicated that Petrosyan wanted to renew her asylum application that had been referred to the IJ for adjudication. At the second hearing, and in the presence of counsel, Petrosyan herself stated she wished to proceed with

her asylum application after receiving a verbal warning from the court regarding the consequences of filing a frivolous application. Petrosyan therefore had multiple opportunities to withdraw her application while receiving representation from an attorney, and nowhere does she assert that her attorney provided ineffective assistance of counsel. Based on those facts, Petrosyan's argument cannot succeed.

Petrosyan next argues that the Board erred in making a frivolousness finding because the ineffective assistance she received from the consultant who prepared her application constitutes "extraordinary circumstances" under 8 U.S.C. § 1158(a)(2)(D). Petrosyan's argument is misplaced. Section 1158(a)(2)(D) provides for an "extraordinary circumstances" exception to the time limit on filing an application for asylum. Because the statutory bar on frivolous applications, 8 U.S.C. § 1158(d)(6), offers no such exception, Petrosyan's "extraordinary circumstances" argument also fails.

Additionally, Petrosyan argues that the Board erred in making a frivolousness finding because she may be eligible for adjustment of status based on the status of her daughter. That argument lacks merit, as Petrosyan cites no authority suggesting that the possibility of future relief impacts the determination of whether an asylum application is frivolous.

Finally, Petrosyan argues that the IJ violated her right to due process by exhibiting bias against her during her immigration proceedings and by failing to consider her explanation for filing a frivolous asylum application. Petrosyan's argument is belied by the record. A review of the record reveals no indications that the IJ treated Petrosyan unfairly. The IJ explicitly stated in his oral decision that Petrosyan "had sufficient opportunity to account for any discrepancies or implausible aspects of her claim, but . . . failed to adequately explain them." In light of those facts, Petrosyan has not established a violation of her right to due process.

**PETITION FOR REVIEW DENIED.**