**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| ALBERT MELIKIAN, et al.,<br><br>        Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | Nos. 11-70434 & 15-71235<br><br>Agency Nos. A078-371-088,<br>A096-154-743, A096-154-744,<br>A096-154-745<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 3, 2016**
Pasadena, California

Before:  D.W. NELSON and PAEZ, Circuit Judges, and BUCKLO,*** District
Judge.

Albert Melikian, a native of Iran and citizen of Armenia, his wife Narine

Ter-Barseghyan, a native and citizen of Armenia, and their children, Arpi

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

Melikyan and Arman Melikyan, natives and citizens of Armenia, seek review of two final orders of the Board of Immigration Appeals ("BIA").[1] The first order dismissed petitioners' appeal from the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") on the ground that petitioners had not provided a credible account of persecution and finding that petitioners had filed frivolous asylum applications. The second order denied petitioners' motion to reopen the administrative proceedings. We have jurisdiction under 8 U.S.C. § 1252 and deny both petitions.[2]

**1.** The agency did not abuse its discretion in denying petitioners' motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). Petitioners concede that their motion was untimely but argue that the BIA should have applied equitable tolling to extend the limitations period based on their claim of ineffective assistance of counsel. Equitable tolling may be appropriate in the context of an

---

[1] The children are named as derivative beneficiaries on their mother's application for asylum and withholding of removal. On October 20, 2016, we granted the government's unopposed motion to sever Arpi Melikyan and Arman Melikyan and remand their petitions for review. Accordingly, our disposition here affects only the claims of Albert Melikian and Nadine Ter-Barseghyan.

[2] This case is not governed by the REAL ID Act of 2005, Pub. L. No. 109-13 (2005), because petitioners filed their applications for asylum and withholding of removal before May 11, 2005.

2

ineffective assistance of counsel claim if the petitioner exercises due diligence to discover and remedy counsel's errors. *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011). Here, petitioners offer no explanation for why they waited three years after discovering their ineffective assistance of counsel claim to file their motion to reopen.

2.      Petitioners have not challenged the IJ's adverse credibility finding. Accordingly, the issue is waived. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). The adverse credibility determination disposes of all of petitioners' substantive claims. *See* 8 C.F.R. § 1208.13(a); 8 C.F.R. § 1208.16(c)(2).

3.      The agency applied the correct procedural framework when it determined that petitioners' asylum petitions were frivolous. *See Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008). The IJ correctly concluded that petitioners had notice of the consequences of filing a frivolous application based on the printed warning on the face of the applications they signed. *See Cheema v. Holder*, 693 F.3d 1045, 1046 (9th Cir. 2012); 8 C.F.R. § 208.3(c)(2).

The IJ correctly found that petitioners filed a frivolous asylum application, stating that they "not only *knowingly* but *concededly* fabricated incidents of persecution and submitted fraudulent documents." (Emphasis in original).

Substantial evidence supports this finding. *Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir. 2000). Petitioners admit in declarations filed in their administrative appeal to providing false testimony and documents before the IJ. The IJ also correctly found petitioners' attempt to blame their attorney and others for these and other fabrications not credible.

4.     The IJ did not violate petitioners' due process rights, either by refusing to hold a hearing on their ineffective assistance of counsel claim or by refusing to hold a hearing on their revised claims for relief. To establish a due process violation, petitioners must show that they were denied a full and fair hearing on their claims, and that they suffered prejudice as a result. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). The record does not support petitioners' argument that the IJ "refused" to hold a hearing on the ineffective assistance claim.

Petitioners also have not shown that the IJ violated their due process rights by refusing to consider new evidence and testimony on their revised asylum claims. The IJ correctly concluded and petitioners do not dispute that an alien whose original application for asylum is found to be frivolous is barred from seeking to reopen proceedings. *See* 8 C.F.R. § 1003.23(b)(4)(i). This finding, along with the IJ's well-supported adverse credibility finding on their original claims,

eviscerated petitioners' ability to establish an entitlement to relief on their revised claims. *See Kaur v. Gonzales*, 418 F.3d 1061, 1065 (9th Cir. 2005).

**PETITIONS FOR REVIEW DENIED.**