**NOT FOR PUBLICATION**



**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **DHANDAYUTHAPANI THANGAVEL,**<br><br>Petitioner,<br><br>v.<br><br>**LORETTA E. LYNCH, Attorney General,**<br><br>Respondent. | No.  13-74446<br><br>Agency No. A099-910-276<br><br>**MEMORANDUM**[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2016[**]
San Francisco, California

Before:    **KOZINSKI**, **BYBEE** and **N.R. SMITH**, Circuit Judges.

**1.**  The agency's adverse credibility finding was supported by substantial

evidence.  See Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Thangavel knowingly included in his original declaration an incident that didn't actually happen. See Singh v. Holder, 643 F.3d 1178, 1180 (9th Cir. 2011) ("[I]ntentional deception toward the immigration authorities is culpable conduct and one of several indications of dishonesty that casts doubt on the applicant's entire story." (citation, internal quotation marks and square brackets omitted)). Thangavel blames the misrepresentation on the unscrupulous actions of his immigration consultant. But Thangavel testified he knew that the declaration contained false information when he swore to its accuracy before the asylum officer. Although he recanted the misrepresentation at the second merits hearing before the Immigration Judge (IJ), it was too late. Thangavel's deliberate misrepresentation and other inconsistencies in his testimony, do not compel us to reverse the agency's adverse credibility finding.

2. Because the adverse credibility determination independently supports the denial of Thangavel's petition for asylum, we do not reach the agency's alternative holding that Thangavel failed to establish an objectively well-founded fear of persecution. See Shrestha, 590 F.3d at 1048 n.6.

3. We lack jurisdiction to review Thangavel's withholding of removal and Convention Against Torture claims because he failed to challenge them to the

Board of Immigration Appeals (BIA).  See 8 U.S.C. § 1252(d)(1); Barron v.

Ashcroft, 358 F.3d 674, 677–78 (9th Cir. 2004).

**4.**  The agency did not err in finding that Thangavel filed a frivolous asylum

application because it complied with the procedural framework adopted in Ahir v.

Mukasey, 527 F.3d 912, 917 (9th Cir. 2008).  Thangavel was sufficiently notified

of the consequences of filing a frivolous application by the written warning on his

asylum application.  See Cheema v. Holder, 693 F.3d 1045, 1049 (9th Cir. 2012).

And the IJ's specific finding that Thangavel had knowingly submitted a frivolous

application was supported by a preponderance of the evidence and properly

affirmed by the BIA.  Ahir, 527 F.3d at 918.

When questioned about the made-up incident in his declaration, Thangavel

explained that he included it because his immigration consultant had assured him it

was just being "cited as an example" and wouldn't cause a problem.  The brief that

Thangavel filed after the conclusion of testimony afforded him further opportunity

to address his misrepresentation.  See Kulakchyan v. Holder, 730 F.3d 993, 996

(9th Cir. 2013).  That the IJ considered and rejected Thangavel's explanation

doesn't mean he was deprived of an adequate opportunity to explain his reasons for

filing a partially false application.  See id.  For this reason, Thangavel's due process argument also fails.

Nonetheless, Thangavel argues that the misrepresentation cannot be the basis of a frivolousness finding because it wasn't material and because he submitted a new declaration before the merits hearing.  Both arguments fail.  The fabricated story involved a person who was killed by the Rastrya Swanacvak Sangam party despite fleeing to a different part of India and, therefore, directly addressed whether Thangavel had demonstrated a well-founded fear of persecution.  See 8 C.F.R. § 1208.13(b)(2)–(3).  Moreover, the submission of a new declaration is irrelevant because even a withdrawn application may support a frivolousness finding.  Kulakchyan, 730 F.3d at 996.  In any case, when he submitted a new declaration, he didn't retract his false declaration; he recanted the misrepresentation in his original declaration only after the government reminded him about perjury at the second merits hearing.

**5.**  The BIA didn't abuse its discretion by denying Thangavel's motion to remand.  See Ocampo v. Holder, 629 F.3d 923, 925 (9th Cir. 2010).  The newly notarized copies of the previously submitted evidence were neither material nor new.  See 8 C.F.R. § 1003.2(c)(1).

**DENIED.**