**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUHUA QIU, | No. 13-74294 |
| Petitioner, | Agency No. A077-668-221 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| SUHUA QIU, | No. 14-71932 |
| Petitioner, | Agency No. A077-668-221 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 14, 2017[]
San Francisco, California

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Petitioner Suhua Qiu petitions for review of two orders of the Board of Immigration Appeals (Board). The first order dismissed his appeal from an immigration judge's order finding his asylum application to be frivolous, and the second denied his motion to reopen proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petitions.

Qiu challenges the Board's affirmance of the immigration judge's adverse credibility determination. "[W]e review adverse credibility determinations under the substantial evidence standard." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). A credibility determination should take into account "the totality of the circumstances," including "the consistency of [an applicant's] statements with other evidence of record" and "any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the Board's determination here. Like the immigration judge, the Board relied on overwhelming evidence that the bail receipt

---

[**] The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and termination letter that Qiu submitted to support his claim of past persecution were counterfeit. The fact that Qiu repeatedly vouched for the authenticity of these demonstrably fraudulent documents further supports the Board's decision. Finally, Qiu has pointed to no evidence in the record "so compelling that no reasonable factfinder could find that he was not credible." *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010), *quoting Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Accordingly, we decline to reverse the Board's adverse credibility decision.

Qiu also contests the determination that his asylum petition is frivolous. Four procedural requirements must be met to sustain a frivolousness finding:

> (1) [N]otice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

*Liu v. Holder*, 640 F.3d 918, 927–28 (9th Cir. 2011), *quoting In re Y–L–*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007). Qiu argues that the first, third, and fourth requirements were not met in this case. We review the immigration judge's compliance with these requirements de novo. *Id.* at 925.

To the extent that Qiu challenges the adequacy of the notice he received regarding the consequences of filing a frivolous application, the written warning on

3

his asylum application, which was read to him in his native language, provided sufficient notice of those consequences. *See Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012).

Likewise, there is sufficient evidence in the record that Qiu deliberately fabricated a material element of his claim—namely, that he had been subject to past persecution. Qiu's sole ground for claiming past persecution was the incident in which he allegedly was fired, jailed, and beaten for exposing the graft of the principal of the school at which he worked. The bail receipt and termination letter were integral parts of that story: Qiu testified that his father was given the receipt after paying the exorbitant bail, and that he received the termination letter from the school after his release. Qiu's resolute insistence at the hearing that these counterfeit documents are authentic thus casts serious doubt on whether the incident happened at all. At the very least, a preponderance of the evidence supports a finding that Qiu fabricated the existence of past persecution, and the Board did not err in so concluding. *See Liu*, 640 F.3d at 927 ("[F]rivolousness must be proven by a preponderance of the evidence . . . .").

Qiu also received sufficient opportunity to explain the discrepancies between his story and the counterfeit documents. "To meet this requirement, it must be made apparent to the applicant that a particular discrepancy or implausibility is

4

considered potentially fraudulent, rather than merely a basis for finding the applicant not credible." *Id.* at 928. The government's motion to reopen, filed in late 2008, and the attached report from the Department of Homeland Security's Forensic Document Laboratory made it clear that the government believed the documents were counterfeit because they had been produced by the same equipment. The immigration judge granted the motion and set a hearing for 2012 specifically to determine whether the documents were counterfeit. Qiu was therefore on notice that the documents were being considered potentially fraudulent and had three years to come up with an explanation. The fact that his explanation was unconvincing does not mean that he was afforded insufficient opportunity to present it. The Board did not err in finding this requirement fulfilled.

Qiu's final argument is that the Board should have granted his motion to reopen proceedings in his case. We "review the denial of a motion to reopen for abuse of discretion." *Meza-Vallejos v. Holder*, 669 F.3d 920, 923 (9th Cir. 2011). The Board "abuses its discretion when its decision is 'arbitrary, irrational, or contrary to law.'" *Id.*, *quoting Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).

"A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). Qiu's motion to reopen was predicated entirely on his previous attorneys' allegedly ineffective representation, the evidence of which was available at the time of Qiu's appeal to the Board. The Board therefore did not abuse its discretion in denying the motion to reopen.

**PETITIONS DENIED.**