**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KALAM ULLAH, a.k.a. Mahammed Sayedul Hoq, a.k.a. Mohammad Hoq, a.k.a. Mohammed Hoq,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 16-73874

Agency No. A075-653-618

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Kalam Ullah, a.k.a. Mohammad Hoq, a native and citizen of Bangladesh,

petitions for review of the Board of Immigration Appeals' (BIA's) decision

dismissing his appeal of the immigration judge's (IJ's) 2016 and 2012 decisions

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

finding him removable and denying his applications for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and adjustment of status. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition in part and dismiss it in part. Because the parties are familiar with the factual history of the proceedings, we do not recount it here.

1.    The BIA correctly determined that Petitioner is statutorily barred from asylum because he previously filed a frivolous asylum application. *See* 8 U.S.C. § 1158(d)(6). "Whether the IJ complied with the BIA's four procedural requirements for a frivolousness finding is a question of law we review de novo." *Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011). The BIA properly concluded the Petitioner had knowledge of the consequences of filing a frivolous application. Petitioner testified before the IJ that he filed a fraudulent application under the fictitious name Kalam Ullah. Substantial evidence supports the agency's findings that Petitioner read and understood the notice contained in the asylum application. Petitioner testified that he signed the asylum application that contained the written warning, and that he took English as a second language in college and could read English at the time he attended the asylum interview. *See Cheema v. Holder*, 693 F.3d 1045, 1049–50 (9th Cir. 2012) (holding that the written warning on the

asylum application adequately notifies the applicant of the consequences of filing a frivolous application).

2.    We lack jurisdiction to consider Petitioner's challenges to removability because he failed to exhaust these claims before the agency.  8 U.S.C. § 1252(d)(1).

3.    Substantial evidence supports the IJ's and the BIA's adverse credibility determination and consequently their conclusion that Petitioner is not entitled to withholding of removal and protection under the CAT.  Petitioner's fraudulent application and appearance before the asylum officer, his withdrawal of his first asylum application, and his two voluntary returns to Bangladesh support the finding that he is not credible.  Because Petitioner did not provide independent corroborating evidence, and his claims turned on his own testimony, the IJ properly determined that Petitioner was not entitled to withholding of removal or protection under the CAT.

4.    We lack jurisdiction to review the BIA's denial of adjustment of status as a matter of discretion.  *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006) (per curiam) ("[T]he decision to deny Petitioner's application for adjustment of status is a discretionary determination, and is therefore unreviewable.").

**PETITION DENIED IN PART AND DISMISSED IN PART.**