**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARTUN DERBINYANTS, AKA Martin Darbinyan, AKA Martun Darbinyan; ZARIK DERBINYANTS, AKA Zarmoui Karagezian, AKA Zarmuhi Karagyozyan, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos.  16-74035 <br>        17-72596 <br><br> Agency Nos.    A075-686-114 <br>                        A075-686-116 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2020[**]

Before:  HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Concurrence by Judge GRABER

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Martun Derbinyants (a.k.a. Martin Darbinyan) and Zarik Derbinyants (a.k.a. Zarmuhi Karagyozyan) ("Petitioners") seek review of the Board of Immigration Appeals' ("BIA") 2016 decision affirming the Immigration Judge's ("IJ") order of removal for having filed a frivolous asylum application and of the BIA's 2017 decision denying their motion to reopen for ineffective assistance of counsel. We dismiss and deny their petitions, respectively.

With respect to the order of removal, Petitioners contend only that they were never warned of the consequences of filing a frivolous asylum application. *See Matter of Y-L-*, 24 I&N Dec. 151, 155 (BIA 2007) (setting forth requirements for finding of frivolous asylum application). However, this issue was not raised before the BIA, and thus has not been exhausted. As such, we lack jurisdiction to review this claim and dismiss the petition in appeal No. 16-74035. *See Ahir v. Mukasey*, 527 F.3d 912, 917–18 (9th Cir. 2008).

The BIA did not abuse its discretion in denying Petitioners' motion to reopen. Petitioners failed to satisfy the procedural requirements for an ineffective assistance of counsel claim set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), because they never filed a bar complaint with the appropriate disciplinary authorities nor reasonably explained their failure to do so. *Id.* at 639. Furthermore, as the BIA also noted, Petitioners have failed to demonstrate prejudice resulting from their prior

counsel's alleged ineffectiveness, as their allegations do not seriously undermine the determinations in the removal proceeding regarding the frivolous warning or the frivolousness of the application itself. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam). We deny their petition in appeal No. 17-72596.

**DISMISSED IN PART; DENIED IN PART.**

Derbinyants v. Barr; 16-74035, 17-72596

GRABER, Circuit Judge, concurring:

I concur but would address the merits of Petitioners' argument that they were never warned of the consequences of filing a frivolous asylum application. In my view, although Petitioners did not raise that issue before the BIA, the BIA's final order is better read to have decided it. In a footnote, the BIA stated:

> We note there is no dispute that the respondent was provided notice of the consequence of filing a frivolous asylum application, and the Immigration Judge complied with the other procedural requirements outlined in Matter of Y-L-, 24 I&N Dec. 151, 157–58 (BIA 2007), for satisfying a finding of frivolousness (I.J. at 5-7).

We thus have jurisdiction to review the claim. Parada v. Sessions, 902 F.3d 901, 914 (9th Cir. 2018). Nevertheless, I would conclude that substantial evidence supports the agency's conclusion that Petitioners had sufficient notice. See Kulakchyan v. Holder, 730 F.3d 993, 995 (9th Cir. 2013) (per curiam) (stating standard). Written notice is adequate even where an applicant has limited English proficiency or claims error by the translator. Id.; Cheema v. Holder, 693 F.3d 1045, 1049 (9th Cir. 2012). Here, the asylum applications and declaration that Petitioner Martun Derbinyants signed included written warnings of the consequences, and the interpreter credibly testified that she translated the warnings.