NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL MBADILA VUVU; ALICE NSIMBA MANZAMBI; D. M. M.; I. M. M.; E. M. M., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5620 <br><br> Agency Nos. <br> A246-562-747 <br> A246-562-748 <br> A246-562-749 <br> A246-562-750 <br> A246-562-751 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026[**]
Seattle, Washington

Before: TALLMAN, OWENS, and R. NELSON, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Petitioner Daniel Mbadila Vuvu ("Vuvu"), an Angolan national, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition.

1. Substantial evidence supports the agency's adverse credibility determination. Under the REAL ID Act, credibility determinations are based on the "totality of the circumstances," and may rely on inconsistencies without regard to whether they go to the "heart of the . . . claim." *Alam v. Garland*, 11 F.4th 1133, 1135–36 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Here, the IJ identified multiple inconsistencies, including (1) conflicting statements regarding Vuvu's place of birth, (2) discrepancies in his account of an alleged beating—such as whether his assailants were police or military, and the type of vehicle involved—and (3) shifting testimony regarding the duration of his involvement in his political party. Indeed, Vuvu admitted that he provided false information about his place of birth. And the IJ reasonably rejected his explanations for these discrepancies. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (emphasizing that IJs are not required to accept petitioners' explanations for discrepancies in the record).

Substantial evidence also supports the agency's conclusion that Vuvu failed to provide sufficient corroborating evidence to meet his burden of proof. The IJ reasonably afforded limited weight to letters from interested witnesses not subject to cross-examination and found that documentary evidence did not independently establish his claims.

Because the record does not compel a contrary conclusion, we uphold the adverse credibility determination.

2. Vuvu's due process challenge based on interpretation deficiencies also fails. "The Fifth Amendment guarantees due process in deportation proceedings." *Colmenar v. INS*, 210 F.3d 967, 971 (9th. Cir. 2000). To establish a due process violation, a petitioner must demonstrate that "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case . . . and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzalez*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citations omitted). The record does reflect some interpretation difficulties. Yet the IJ addressed those issues through repetition and clarification. The proceedings do not reflect a breakdown in communication preventing Vuvu from presenting his claims.

Nor has Vuvu demonstrated prejudice. He does not explain how improved interpretation would have altered the inconsistencies underlying the adverse credibility determination or otherwise shown how "a better translation would have made any difference in the hearing's outcome." *Singh v. Ashcroft*, 367 F.3d 1139, 1144 (9th Cir. 2004); *see also Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019) (holding that where a petitioner cannot articulate how alleged interpretation issues "affected his testimony" or the fairness of his hearing, no due process violation exists).

3. The agency did not err in concluding that Vuvu filed a frivolous asylum application. *See* 8 U.S.C. § 1158(d)(6). An asylum application is frivolous if a material element is deliberately fabricated, provided that the agency satisfies the required procedural safeguards. *See* 8 C.F.R. § 1208.20; *Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010).

The IJ correctly found that Vuvu knowingly provided false information regarding his place of birth. Vuvu admitted this during the proceedings. The agency reasonably concluded that this misrepresentation was material, as an applicant's identity and nationality—both of which may be informed by birthplace—are central to asylum eligibility and may affect lines of inquiry relevant to relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (noting that identity is a "key" element of an asylum application).

25-5620

Further, the record reflects that the agency complied with the required procedural safeguards. *Fernandes*, 619 F.3d at 1076. First, Vuvu received notice of the consequences of filing a frivolous asylum application, including through the warnings accompanying his applications and warnings provided during the proceedings. *See Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012) (holding that a written warning on an asylum application "adequately notifies the applicant of [] the consequences of knowingly filing a frivolous application for asylum"). Second, the IJ made an explicit finding that Vuvu knowingly and deliberately fabricated a material element of his application and explained the reasons for that finding in detail. Third, the finding was supported by a preponderance of the evidence, including through Vuvu's overt admission that he knowingly provided false information about his birthplace. Fourth, the IJ afforded Vuvu an adequate opportunity to explain the discrepancy. Accordingly, the frivolousness determination was proper.

**PETITION DENIED.**