[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10216

Non-Argument Calendar

_____

YUE ZHU QIU,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A088-777-109

_____

2                    Opinion of the Court                    22-10216

Before ROSENBAUM, JILL PRYOR, and LAGOA,

PER CURIAM:

Yue Qiu, a native and citizen of China, appeals from the Board of Immigration Appeals's ("BIA") order dismissing both her motion to reopen and her motion to remand proceedings to an Immigration Judge ("IJ"). Below, Qui argued that her proceedings should be reopened based on her eligibility for asylum, withholding of removal, or relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") based on the birth of her third child, that she will face forced sterilization if she must return to China, and based on her conversion to Christianity. On appeal, she argues that her proceedings should be reopened because she is *prima facie* eligible for asylum based on her conversion to Christianity. As we explain below, we must dismiss in part and deny in part Qiu's appeal.

We review only the decision of the BIA except to the extent the BIA expressly adopts the IJ's opinion. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). When the BIA agrees with the IJ's findings but makes additional observations, we review both decisions. *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009). We construe a motion to remand as a motion to reopen proceedings, the denial of which we review for an abuse of discretion. *Ali v. U.S. Att'y Gen.*, 643 F.3d 1324, 1329 (11th Cir. 2011). This review is limited to determining whether the BIA exercised its

discretion in an arbitrary or capricious manner. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings. *Id.*

We cannot consider facts that were not raised before the BIA. *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004). Somewhat relatedly, we may review an argument only if the petitioner "has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). We have said that the exhaustion requirement is jurisdictional, so the failure to exhaust precludes our review of a claim that was not presented to the BIA. *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018). "This is not a stringent requirement" and requires only that the petitioner "previously argued the core issue now on appeal before the BIA." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotation marks omitted). Though exhaustion does not require a petitioner to use precise legal terminology or provide a well-developed argument to support her claim, it does require that she provide information sufficient to enable the BIA to review and correct any errors below. *Id.* Unadorned, conclusory statements do not satisfy this requirement. *Id.* So in determining whether a petitioner has exhausted a claim, we must look to the substance of the appeal before the BIA for facts and allegations that make manifest the petitioner's attempt to raise this claim before the BIA. *Id.* at 1298.

As an initial matter, Qiu has abandoned her claims that her proceedings should be reopened based on her eligibility for either withholding of removal or relief under the CAT by not discussing on appeal her *prima facie* eligibility for either. Similarly, Qiu has abandoned her claim that her proceedings should be reopened because of her eligibility for asylum based on the birth of her third child, and that she will face forced sterilization if she returns to China because she does not discuss this claim on appeal to us.

Further, Qiu failed to exhaust her claim that she was *prima facie* eligible for asylum based on a pattern or practice of persecution of Christians in China because she did not present that claim to the BIA. Therefore, we lack jurisdiction to review this claim, and we dismiss Qiu's petition as to this claim.

That leaves only whether the BIA abused its discretion in denying Qiu's motions to reopen and to remand based on her claim that she is eligible for asylum because of her recent conversion to Christianity.

The BIA must consider all evidence that the petitioner introduced. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). Where the BIA gives reasoned consideration to the petition and makes adequate findings, it is not required to specifically address each claim made by the petitioner or each piece of evidence presented by the petitioner. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006). The BIA must consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and considered all the issues. *See*

*id.* When a petitioner fails to offer an argument on an issue on appeal to us, that issue is considered abandoned. *Ruga v. U.S. Att'y Gen.*, 757 F.3d 1193, 1196 (11th Cir. 2014).

A motion to reopen must state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); *see* 8 C.F.R. § 1003.2(c)(1). The new evidence must be material, and the noncitizen must demonstrate that the evidence could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1). A noncitizen must demonstrate *prima facie* eligibility for the relief sought. *Flores-Panameno v. U.S. Att'y Gen.*, 913 F.3d 1036, 1040 (11th Cir. 2019). The decision to grant or deny a motion to reopen is within the discretion of the administrative adjudicator. *See* 8 C.F.R. § 1003.2(a); *INS v. Doherty*, 502 U.S. 314, 323 (1992) ("the Attorney General has 'broad discretion' to grant or deny such motions") (internal citations omitted). Thus, a noncitizen who seeks to reopen her removal proceedings bears a heavy burden. *INS v. Abudu*, 485 U.S. 94, 110 (1988).

An applicant for asylum must meet the INA's definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines a refugee as follows:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country

> because of persecution or a well-founded fear of per-
> secution on account of race, religion, nationality,
> membership in a particular social group, or political
> opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). To meet the defini-
tion of a refugee, the applicant must, with specific and credible ev-
idence, demonstrate (1) past persecution on account of a statutorily
listed factor, or (2) a well-founded fear that the statutorily listed fac-
tor will cause future persecution. *Ruiz*, 440 F.3d at 1257. Where
an applicant demonstrates past persecution, a rebuttable presump-
tion that he has a well-founded fear of future prosecution applies.
*Id.* If the petitioner cannot show past persecution, she must
demonstrate a well-founded fear of future persecution that is both
subjectively genuine and objectively reasonable. *Id.*

Similar to the showing required for asylum, an applicant
seeking the withholding of removal under the INA must demon-
strate that her life or freedom would be threatened in that country
because of her race, religion, nationality, membership in a particu-
lar social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C.
§ 1231(b)(3)(A). Withholding-of-removal claims are governed by a
more stringent standard than asylum claims, though, requiring the
applicant to demonstrate that it is more likely than not that she will
be persecuted upon return to her home country. *Sepulveda v. U.S.
Att'y Gen.*, 401 F.3d 1226, 1233 (11th Cir. 2005). If a petitioner is
unable to meet the standard of proof for asylum, she cannot meet

the more stringent standard for withholding of removal. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004).

An applicant seeking CAT relief must establish that it is more likely than not that she would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2).

The CAT defines torture as follows:

> [A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). Evidence relevant to an applicant's eligibility for CAT relief includes, but is not limited to (1) incidents of past torture inflicted upon the applicant; (2) the viability of relocation within the country of removal as a means to avoid torture; (3) gross, flagrant or mass human rights violations in the country of removal; and (4) other relevant country conditions. *Id.* § 208.16(c)(3)(i)-(iv). An applicant who is unable to meet the well-founded-fear standard for asylum is generally precluded from

qualifying for withholding of removal or CAT relief. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

Here, we cannot conclude that the BIA abused its discretion in denying either Qiu's motion to reopen or her motion to remand because it considered the issues she raised, and it made specific citations to the record in support of its decision to deny those motions. Similarly, based on this record, we cannot find that the BIA did acted in an arbitrary and capricious manner when it determined that Qiu's subjective belief that she would be persecuted based on her conversion to Christianity was not objectively reasonable because she showed little evidence of persecution of Christians in her home Fujian province. Accordingly, we deny Qiu's petition.

**PETITION DENIED IN PART and DISMISSED IN PART.**