**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Samuel Volanos-Vega, | No. 22-1012 |
| Petitioner, | Agency No.   A073-827-032 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2023**
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and MURPHY,*** District
Judge.

Samuel Volanos-Vega ("Volanos-Vega"), a native and citizen of El

Salvador, petitions for review of a Board of Immigration Appeals' ("BIA")

order dismissing his appeal of an Immigration Judge's ("IJ") decision.  The

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

agency found Volanos-Vega's original asylum application frivolous, his second application time-barred, and found that he failed to establish eligibility for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.     A frivolousness finding must comply with a four-part regulatory framework. "First, an asylum applicant must have notice of the consequences of filing a frivolous application. Second, the IJ or Board must make specific findings that the applicant knowingly filed a frivolous application. Third, those findings must be supported by a preponderance of the evidence. Finally, the applicant must be given sufficient opportunity to account for any discrepancies or implausibilities in his application." *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008) (internal citations omitted). "Whether the IJ properly applied the regulatory framework is a question of law" that we review de novo, while administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (citations omitted).

Volanos-Vega argues that the BIA erred in upholding the IJ's finding that

---

[1] Where, as here, the BIA adopted and affirmed the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), "we revisit both decisions and treat the IJ's reasons as those of the BIA." *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011) (citation omitted).

2

he filed a frivolous asylum application in 1998, because he did not know that an asylum application falsely asserting he was from Guatemala had been prepared on his behalf by his brother. He further contends that he did not receive adequate notice of the consequences of filing a frivolous application.

Substantial evidence supports the agency's determination that Volanos-Vega received adequate notice. Volanos-Vega's signature and printed name appear directly below the warnings in his application and the application-preparer signed a declaration attesting that the completed application was read to Volanos-Vega in his native language before it was signed. This is sufficient to support the agency's finding. *See id.*; *Cheema v. Holder*, 693 F.3d 1045, 1049-50 (9th Cir. 2012).

The agency also provided cogent and convincing reasons for finding that Volanos-Vega "knowingly filed a frivolous application," and this finding is supported by a preponderance of the evidence. *Ahir*, 527 F.3d at 917; *Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010). Volanos-Vega attended his initial master hearing in 1998 where he admitted, through counsel, that he received proper service of the Notice to Appear and admitted the factual allegations therein, including that he is a native and citizen of Guatemala. was personally served with the IJ's order granting voluntary departure to Guatemala, told immigration officers that he was from Guatemala, and testified that he trusted his brother's advice that he was less likely to be deported if he said he was a juvenile from Guatemala. We therefore affirm the agency's finding that

3

Volanos-Vega filed a frivolous application. *See Fernandes*, 619 F.3d at 1076; *Ahir*, 527 F.3d at 918.

2.      Substantial evidence supports the agency's determination that Volanos-Vega's application for withholding of removal fails on the merits.[2] A withholding of removal applicant must demonstrate that a protected ground is "a reason" for future persecution. 8 U.S.C. § 1231(b)(3)(A); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). Volanos-Vega could only speculate as to why three of his family members died during the civil war in El Salvador because he was a child at the time. And he identified no recent threats made by any group against him or members of his family. Substantial evidence therefore supports the agency's finding that Volanos-Vega failed to provide sufficient evidence that family membership was "a reason" for past or future persecution. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021); *Zetino v. Holder*, 622 F.3d 1007, 1015–1016 (9th Cir. 2010).

3.      To qualify for CAT protection, Volanos-Vega bears the burden of showing that he "is more likely than not to be tortured in [El Salvador]." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.16(c)(4)). The record supports the agency's finding that Volanos-Vega failed to meet his burden because he provided no evidence, aside from his own belief, that the

---

[2] Although the frivolousness finding forecloses Volanos-Vega's asylum application, it does not preclude him from seeking withholding of removal or protection under CAT. *See* 8 C.F.R. § 1208.20.

4

death squads who previously killed his family members decades ago intend to harm him if he returns. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[S]peculative fear of torture is not sufficient to satisfy the applicant's burden" for protection under CAT.). The agency also considered country conditions evidence and found the evidence insufficient to establish a particularized threat of torture. The record does not compel a contrary conclusion. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008).

The motion for a stay of removal, Docket No. 2, is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED.**