[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13284
Non-Argument Calendar
_____

Agency No. A095-969-131


ENTELA RUGA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 24, 2015)

Before MARTIN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Entela Ruga, a native and citizen of Albania, petitions pro se for review of the Board of Immigration Appeals's denial of her motion to reconsider its 2013 order.[1]  The order that Ruga asked the BIA to reconsider affirmed an Immigration Judge's decision that she knowingly filed a frivolous asylum application after receiving proper warning of the consequences of doing so.  The consequence of this BIA ruling is that Ruga is permanently ineligible for further immigration benefits under the Immigration and Nationality Act (INA).  8 U.S.C. § 1158(d)(6).  After careful review of the parties' briefs, we deny in part and dismiss in part Ruga's petition.

## BACKGROUND

Ruga filed an asylum application under the name "Entela Dollaku."  The application indicated that she resided in Albania from April 1971 until September 2003.  Neither her name nor her residency information was accurate.  The application explained the consequences of filing a deliberately fabricated application for asylum.  In her asylum interview, Ruga explicitly affirmed that the application was truthful.  Also at the interview, she signed an application oath

---

[1] This appeal addresses the BIA's 2014 denial of Ruga's motion to reconsider.  Because Ruga filed her petition for review on July 22, 2014, more than 30 days after the underlying 2013 BIA order, she cannot challenge the BIA order itself.  8 U.S.C. § 1252(b)(1); see also Chao Lin v. U.S. Att'y Gen., 677 F.3d 1043, 1045 (11th Cir. 2012) (stating that statutory time limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional, and is not subject to equitable tolling).  Perhaps mindful of this, Ruga designates only the BIA's decision denying her motion to reconsider in her petition for review.

which clearly set out the consequences of filing a deliberately fabricated application for asylum.

After many additional hearings relating to her immigration status, Ruga withdrew her asylum application. The IJ held a hearing to determine whether Ruga had filed a fraudulent asylum application, which would bar her from any future adjustment in her immigration status. At the hearing, Ruga admitted that she had signed the application, but said she did not fill it out and did not know what it stated. Ruga also admitted that several items in the statement attached to her application were not true. She explained that she learned the statements were false once she retained an attorney, about one year after the application was written.

The IJ found that Ruga knew for more than two years that her asylum claim was fraudulent and never took any action to alert the court to the errors. The BIA affirmed the IJ's determination. Ruga filed a petition for review of the BIA's order, challenging whether she knowingly filed a frivolous asylum application after receiving proper notice of the consequences of doing so. While Ruga's petition for review of the BIA order was pending in this Court,[2] she also filed a motion for reconsideration.

---

[2] This Court affirmed the BIA's order. Ruga v. U.S. Att'y Gen., 757 F.3d 1193 (11th Cir. 2014).

3

In its denial of Ruga's motion to reconsider, the BIA concluded that it did not err in holding that Ruga had received adequate notice of the consequences of filing a frivolous asylum application.  The BIA explained that every federal circuit to consider the issue has held that the warning in the asylum application is sufficient to give notice.  The BIA also rejected Ruga's attempt to distinguish her case on the basis that she affirmatively filed an asylum application rather than asserting asylum as a defense to deportation proceedings.  The BIA explained that Ruga also failed to show error in its holding that she was barred from relief under the INA for filing a frivolous asylum application.

On appeal, Ruga argues that the BIA engaged in impermissible fact-finding in its order denying her motion to reconsider.  She also argues that the BIA erred in determining that she knowingly filed a frivolous asylum application.  The government responds that Ruga did not exhaust her arguments before the BIA, and that the BIA did not abuse its discretion in denying her motion to reconsider.

DISCUSSION

"We review the BIA's denial of a motion to reconsider for abuse of discretion."  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007) (quotation omitted).  Our review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir.

4

1985) (per curiam) (quotation omitted). "[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Calle, 504 F.3d at 1329 (quotation omitted).

First, Ruga's argument that the BIA engaged in fact-finding in denying her motion to reconsider is without merit. Though she is correct that the BIA is not permitted to engage in fact-finding, 8 C.F.R. § 1003.1(d)(3)(iv), she fails to "specify the errors of law or fact in the [BIA's] previous order." 8 U.S.C. § 1229a(c)(6)(C). Ruga points to no specific facts that the BIA impermissibly found. And our review of the BIA order does not reveal any impermissible fact-finding.

Second, Ruga's remaining arguments on appeal were not in her motion for reconsideration. Specifically, Ruga asserts here that (1) there was no direct, extrinsic evidence that she "made" or "filed" a frivolous asylum application; (2) the BIA's finding that she knowingly and deliberately fabricated material elements of her asylum application was not supported by a preponderance of the evidence; (3) the BIA's denial of her motion to reconsider is not supported by reasonable, substantial, and probative evidence because her 2-year delay was not attributable to her and therefore should not be "deliberate action"; and (4) the BIA did not comply with the procedural requirements for a frivolousness finding. All of these arguments are unexhausted, and this Court lacks jurisdiction to consider them.

Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006) (per curiam) (dismissing petition for lack of jurisdiction and explaining that petitioner must have exhausted claims by raising them before the agency, even if those claims were discussed sua sponte by the BIA).  Finally, Ruga has abandoned any other arguments relating to the BIA's denial of her motion to reconsider because she failed to raise them on appeal.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

**PETITION DENIED IN PART, DISMISSED IN PART.**