[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15161
Non-Argument Calendar

_____

Agency No. A097-980-362

BENJAMIN KOFA FYNEAH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 9, 2016)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Benjamin Kofa Fyneah, a native and citizen of Liberia, seeks review of the Board of Immigration Appeals (BIA) final order permitting his removal.  The BIA affirmed the Immigration Judge's decision, which (1) found that the United States Citizenship and Immigration Services (USCIS) never granted Fyneah asylum and (2) denied Fyneah's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).  Fyneah raises only two arguments in his petition for review.  He asserts that the BIA erred in concluding that he was not previously granted asylum, and he claims that the USCIS violated established procedures when it interviewed him about asylum in 2009.[1]  We deny Fyneah's petition in part and dismiss it in part.[2]

## I.    ALLEGED PREVIOUS GRANT OF ASYLUM

Because the BIA's finding that Fyneah was never granted asylum is supported by substantial evidence, his challenge to that finding fails.  We must affirm a factual determination by the BIA if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *See*

---

[1] The USCIS's 2009 interview process ultimately led to the proceedings at bar.

[2] Fyneah does not challenge the BIA's denial of asylum, withholding of removal, and CAT relief.  Therefore, we consider those issues abandoned.  *See Ruga v. U.S. Att'y Gen.*, 757 F.3d 1193, 1196 (11th Cir. 2014).  In reaching this conclusion, we have taken into account that Fyneah is proceeding pro se.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally . . . issues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

*Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal quotation marks omitted).  This standard is "highly deferential."  *Id.*  We view the evidence in the light most favorable to the BIA's finding, drawing all reasonable inferences in favor of that determination.  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005).  And, "[w]e may reverse only when the record compels it."  *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 964 (11th Cir. 2011) (per curiam) (internal quotation marks omitted).

Fyneah argues that the BIA erred in determining that he was not previously granted asylum because USCIS documents suggest that he was granted asylum in 2004.  We agree with Fyneah that the documents he references provide support for his claim.  However, other evidence in the record—including a 2005 memorandum drafted by a USCIS asylum officer and a 2004 letter to Fyneah from the USCIS—strongly supports a finding that the USCIS made a preliminary determination regarding Fyneah's asylum status but never actually granted him asylum.  In light of this evidence, a "reasonable factfinder" could conclude that the USCIS did not grant Fyneah asylum.  *See Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 860 (11th Cir. 2007) (per curiam).  Accordingly, the record does not compel us to reverse the BIA's finding.  *See id.*

## II.    2009 ASYLUM INTERVIEW

We do not have jurisdiction to consider Fyneah's claim that the USCIS violated established procedures when it interviewed him in 2009.  "We review our subject matter jurisdiction de novo."  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).  "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto."  *Id.*  Hence, if a petitioner fails to raise a claim before the BIA, we lack jurisdiction to consider the claim.  *See id.*

Fyneah raises his argument regarding the 2009 asylum interview for the first time on review.  Before the BIA, Fyneah asserted that the 2009 interview was conducted as part of the USCIS's effort to terminate his previously granted asylum status.  Therefore, according to Fyneah, the USCIS was required to provide him notice of its intent to terminate his asylum status prior to the interview.  Because the USCIS did not provide such notice, Fyneah argued to the BIA that the interview was improper.  However, Fyneah now claims that the USCIS violated procedures other than the "termination notice" requirement when it conducted the interview.  Since Fyneah did not raise this discrete argument before the BIA, we lack jurisdiction to consider it.[3]  *See Shkambi v. U.S. Att'y Gen.*, 584 F.3d 1041,

---

[3] Relatedly, to the extent that Fyneah continues to assert that the interview was improper because the USCIS did not provide notice of an intent to terminate, that argument fails in light of

4

1048 & n.4 (11th Cir. 2009) (per curiam) (dismissing as unexhausted a petitioner's specific argument that the IJ had engaged in speculation in discrediting him, although the petitioner had contested the broader adverse credibility finding before the BIA).

**DENIED IN PART, DISMISSED IN PART.**

---

our conclusion that the BIA did not err in determining that Fyneah was never previously granted asylum status.

5