[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-12509

Non-Argument Calendar

————————————————

NELIDA RAMIREZ MENDEZ,
DEILY DOMINGO RAMIREZ,
DELEIDI DOMINGO RAMIREZ,
MILBER DOMINGO RAMIREZ,
UBILMER DOMINGO RAMIREZ,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-193-212

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Nelida Ramirez Mendez and her daughter, Deleidi Domingo Ramirez, seek review of the Board of Immigration Appeals' (BIA) final order affirming the immigration judge's (IJ) order denying their respective applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT).[1]  After careful review, we dismiss in part, deny in part, and grant in part the petition for review.  We also vacate certain parts of the BIA order and remand for further proceedings.

**I.**

First, Ramirez Mendez argues that the BIA erred in finding that she did not suffer past persecution or have a well-founded fear of future persecution on account of her race as an indigenous Mayan.

---

[1] Ramirez Mendez and Domingo Ramirez filed their own respective applications for asylum, withholding of removal, and CAT relief.  Ramirez Mendez's application includes her children as derivative beneficiaries: Deleidi, Deily, Milber, and Ubilmer Domingo Ramirez.

22-12509                Opinion of the Court                3

We review only the decision of the BIA, unless the BIA expressly adopted the decision of the IJ. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). In deciding whether to uphold the BIA's decision, we are limited to the grounds upon which the BIA relied. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (per curiam).

We review legal conclusions de novo and review factual findings for substantial evidence. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). Under the substantial evidence standard, we view the evidence in the light most favorable to the agency's decision, draw all reasonable inferences in favor of that decision, and affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation marks omitted). To reverse the agency's fact findings, we must find that the record not only supports reversal but compels it. *Id.* The mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the agency's findings. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

To meet the burden of establishing eligibility for asylum, a non-citizen must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground, or (2) a "well-founded fear" that the non-citizen will be persecuted on account of a protected ground. *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010) (per curiam); 8 C.F.R. § 1208.13(a), (b). The protected grounds include, among other things, race and

membership in a "particular social group." Immigration and Nationality Act (INA) § 101(a)(42), 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(a), (b). Past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1007 (11th Cir. 2008). Without a showing of past persecution, an asylum applicant may show a well-founded fear of future persecution by showing that the fear is subjectively genuine and objectively reasonable. *Id.* The applicant must show a reasonable possibility of suffering persecution, either by being singled out for persecution or being identified with a regularly persecuted group. *Li Shan Chen v. U.S. Att'y Gen.*, 672 F.3d 961, 965 (11th Cir. 2011) (per curiam).

An applicant must also establish a nexus between the feared persecution and a protected ground, demonstrating that the protected ground "was or will be at least one central reason for persecuting" her. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). We have held that "[e]vidence that treatment is consistent with general criminal activity does not help [a petitioner] with the nexus requirement." *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1288 (11th Cir. 2021). In *Silva v. U.S. Attorney General*, we held that although it could be inferred that Silva was shot at because of her political activity, substantial evidence did not *compel* such a conclusion because Silva had not explained or distinguished herself "from the majority of Colombians who are also subject to the general conditions of violence and criminal activity in Colombia." 448 F.3d 1229, 1238 (11th Cir. 2006). We found that although country reports reflected that there was widespread and indiscriminate violence in Colombia

and that Silva testified that Colombians routinely suffer similar incidents of terroristic threats and violence, we could not say the shooting was "indisputably related" to her political activity when looking at the evidence in the light most favorable to the IJ's decision. *Id*.

A non-citizen is eligible for withholding of removal if she shows that, upon return to her country, she more likely than not will be persecuted there because of a protected ground, such as her race or membership in a particular social group.  INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).  If an applicant cannot meet the well-founded fear standard of asylum, she generally will not be eligible for withholding of removal. *Kazemzadeh*, 577 F.3d at 1352.

Before we dive into whether the BIA's decision is supported by substantial evidence, we have a few housekeeping matters to address.  First, despite both Ramirez Mendez and Domingo Ramirez appealing the BIA's decision, their brief argues only a well-founded fear of persecution on account of race as a protected ground for Ramirez Mendez.  Thus, Domingo Ramirez has abandoned her claim for well-founded fear of future persecution on account of race. *See Ruga v. U.S. Att'y Gen.*, 757 F.3d 1193, 1196 (11th Cir. 2014).

Second, Ramirez Mendez argues that the BIA erred as to her claim of past persecution and well-founded fear of future persecution.  But as the government correctly notes, Ramirez Mendez did not argue to the BIA that the IJ erred on the claim of past persecution, meaning Ramirez Mendez failed to exhaust that claim. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016).  Thus, we lack

jurisdiction to consider Ramirez Mendez's claim of past persecution because she failed to exhaust her administrative remedies. *See* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).

Turning to the merits of Ramirez Mendez's petition, we find that substantial evidence supports the BIA's determination denying asylum and withholding of removal to Ramirez Mendez based on her claim that she had a well-founded fear of future persecution due to her race as an indigenous Mayan. Ramirez Mendez did not provide evidence of past persecution, and without such evidence, she is not entitled to a presumption of future persecution. *See De Santamaria*, 525 F.3d at 1007. As a result, Ramirez Mendez must show that she had a well-founded fear of future persecution.

Ramirez Mendez submitted reports about the conditions in Guatemala, specifically for indigenous people. Those reports detailed inequality and exclusion based on racism and structural discriminatory actions. One report noted that indigenous people experienced societal harm because of the "ongoing lack of protection for the human rights of indigenous people and communities in accordance with international standards." Ramirez Mendez testified generally about that harm but only provided one specific instance in which her neighbor threatened to take her land but ultimately did not take the land.

Even if the record may support a conclusion contrary to the BIA, that is not enough to compel us to reverse the BIA's findings. *See Perez-Zenteno*, 913 F.3d at 1306. Ramirez Mendez cannot rely

on general violence as a claim for future persecution. *See Silva*, 448 F.3d at 1238. Despite the reports about the treatment of indigenous people, other reports provided to the BIA show that Guatemalan law does provide for equal rights for indigenous people. Thus, substantial evidence supports the BIA denying Ramirez Mendez's application for asylum. Because Ramirez Mendez does not meet the more lenient standards for asylum relief, she cannot meet the high standard to be eligible for withholding of removal. *See Kazemzadeh*, 577 F.3d at 1352.

The BIA's decision to deny Ramirez Mendez's application for asylum and withholding of removal based on her race as an indigenous Mayan is supported by substantial evidence. Accordingly, we deny the petition for review as to this issue.

## II.

Second, Ramirez Mendez and Domingo Ramirez argue the BIA erred in finding that they did not suffer past persecution or have a well-founded fear of future persecution on account of their particular social groups (PSG).

The BIA must provide "reasoned consideration" to a petitioner's claims. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021). In *Indrawati v. U.S. Attorney General*, we analyzed the petitioner's claims that we considered were "arguments clothed in reasoned consideration garb." 779 F.3d 1284, 1302 (11th Cir. 2015) (quotation marks omitted). We stated that we have sometimes "granted petitions for review, vacated agency decisions, and remanded for further proceedings when the agency's decision was so

lacking in reasoned consideration and explanation that meaningful review was impossible." *Id.* "When assessing whether a decision displays reasoned consideration, we look only to ensure that the IJ and the BIA considered the issues raised and announced their decisions in terms sufficient to enable review." *Id.* "[T]he IJ and the BIA need not address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Id.* (quotation marks omitted). We will remand for lack of reasoned consideration not because we disagree with the agency's legal conclusions and factual findings but because "given the facts and claims in the specific case before the IJ and BIA, the agency decision [wa]s so fundamentally incomplete that a review of legal and factual determinations would be quixotic." *Id.* (quotation marks and emphasis omitted).

In *I.N.S. v. Orlando Ventura*, the Supreme Court stated that "a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." 537 U.S. 12, 16 (2002) (per curiam). "The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." *Id.* at 17.

Here, before the BIA, Ramirez Mendez and Domingo Ramirez argued that their PSG was based on the interplay between race and disability—specifically, their race as indigenous Mayans, Domingo Ramirez's disability, and Ramirez Mendez being the

22-12509                Opinion of the Court                9

parent of a disabled child.[2]  Based on the cumulative effect of those two characteristics and their interplay, Ramirez Mendez and Domingo Ramirez argued that this increased discrimination against them and decreased their access to medical care.  Despite them making this clear argument, the BIA separately addressed the two characteristics: (1) race as indigenous Mayans and (2) Ramirez Mendez as the parent of a disabled child and Domingo Ramirez as a disabled child.  But the BIA failed to address those two characteristics in combination.  The BIA should have addressed how these two characteristics interact to exaggerate the threat of persecution to possibly establish a claim of well-founded fear of future persecution.  Thus, the BIA failed to give reasoned consideration to Ramirez Mendez's and Domingo Ramirez's PSG claims.

Because this was an important argument of Ramirez Mendez and Domingo Ramirez, the BIA's decision not to address the PSG is "so fundamentally incomplete that a review of legal and factual determinations would be quixotic."  *Indrawati*, 779 F.3d at 1302.  Because the BIA did not address this issue, we must remand to the agency, which sits in a better place to decide the matter in the first instance.  *See Orlando Ventura*, 537 U.S. at 17.

Because the BIA failed to give reasoned consideration to Ramirez Mendez's and Domingo Ramirez's PSG claim based on the interplay between their race as indigenous Mayans and

---

[2] They also made the argument before the IJ, who did not address the interplay between those two characteristics.

disability, we grant the petition for review as to this issue and remand to the agency to address each petitioner's claim in the first instance.

## III.

Last, Ramirez Mendez and Domingo Ramirez argue that the BIA erred in denying their request for CAT relief.

We review the BIA's factual determinations for the denial of CAT relief[3] under the substantial evidence standard, where we will reverse the BIA only where the record compels it. *Edwards v. U.S. Att'y Gen.*, 56 F.4th 951, 966 (11th Cir. 2022). But sometimes we are "prevented from performing that review in the first place." *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019). "[O]ur review of the Board's decisions operates on a simple premise: The Board has reached a decision only after having evaluated the entire evidentiary record." *Id.* But "[w]hen the Board has not convinced us that it has done so, as is the case when we remand for a lack of reasoned consideration, we hold that the decision is incapable of review and thus do not proceed to analyze the Board's legal or factual conclusions." *Id.*

---

[3] To be eligible for CAT relief, an applicant must show that she more likely than not will be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2); *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). All relevant evidence must be considered, including her ability to relocate and human rights violations within the country. 8 C.F.R. § 1208.16(c)(3).

Here, in this BIA order, it is hard to comprehend whether the BIA has addressed both Ramirez Mendez's and Domingo Ramirez's CAT claims.  When the BIA says that it is affirming the IJ's denial of CAT relief as to "respondents," we assume that it means both Ramirez Mendez and Domingo Ramirez.  But as the BIA order progresses, it appears to only discuss Ramirez Mendez's CAT claim and not Domingo Ramirez's CAT claim.  This is a problem because Ramirez Mendez's and Domingo Ramirez's CAT claims are not the same.  As noted, Domingo Ramirez is disabled, and she likely has a stronger claim as a disabled indigenous Mayan than Ramirez Mendez, who is the indigenous Mayan mother of a disabled child.  It appears that the BIA either conflated Domingo Ramirez's CAT claim with Ramirez Mendez's claim or simply ignored and failed to address Domingo Ramirez's CAT claim.  As a result, the BIA has failed to announce a decision "in terms sufficient to enable" this court to review and understand why Domingo Ramirez's CAT claim was ultimately rejected.  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).  Thus, the BIA failed to give reasoned consideration to Ramirez Mendez's and Domingo Ramirez's CAT claims as separate claims.

We do not pass judgment on whether or not it was a good idea to address Domingo Ramirez's and Ramirez Mendez's petitions together for review.  And the BIA may ultimately come to the same conclusion on remand, but remand requires the BIA to separately address each petitioner's individual CAT claim.  If the BIA reviews multiple petitions together (like for a family, as is the case here), the BIA needs to make sure that it delineates whose claim it

is referencing to ensure meaningful appellate review. Accordingly, we grant the petition for review as to this issue and remand to the agency to address each petitioner's claim in the first instance.

## IV.

To recap, we dismiss the petition in part for lack of jurisdiction on Ramirez Mendez's claim of past persecution because she failed to exhaust her administrative remedies. We deny the petition in part as to Domingo Ramirez's and Ramirez Mendez's claims that they had a well-founded fear of future persecution due to their race as indigenous Mayans. But we grant the petition in part because the BIA did not adequately address Domingo Ramirez's and Ramirez Mendez's PSG as a whole, nor did the BIA address Domingo Ramirez's and Ramirez Mendez's request for CAT relief as separate claims. Thus, we vacate the BIA's order on those claims and remand to the BIA. The BIA must consider Domingo Ramirez's and Ramirez Mendez's PSG: (1) on account of how Ramirez Mendez's race as an indigenous Mayan interacted with Ramirez Mendez having an indigenous child with a disability; and (2) on account of how Domingo Ramirez's race as an indigenous Mayan interacted with her disability status. The BIA must also address Domingo Ramirez's and Ramirez Mendez's CAT relief claims separately.

**PETITION DISMISSED IN PART, DENIED IN PART, AND GRANTED IN PART.**