[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11370

Non-Argument Calendar

_____

KEYDI MARIELA RODRIGUEZ MEIJA,
BRIANNY MILAGROS AYALA RODRIGUEZ,
JOSHUA AYALA-RODRIGUES,

                                                      Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

Agency No. A209-303-319

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Keydi Mariela Rodriguez Mejia[1] and her two minor children petition for review of the Board of Immigration Appeals' order affirming the immigration judge's denial of Rodriguez Mejia's claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. On appeal, Rodriguez Mejia argues that the BIA erred in concluding (1) that her testimony lacked credibility and (2) that her immediate family did not constitute a sufficiently particular social group. After careful consideration of the parties' arguments, we deny the petition.[2]

**I**

As an initial matter, "[w]e review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision."

---

[1] Rodriguez Mejia's second surname is spelled "Meija" on our docket but "Mejia" in the briefs. This opinion uses the spelling from the briefs. Furthermore, because Rodriguez Mejia is the lead petitioner and the other petitioners (her minor children) are derivative beneficiaries on her asylum claim, we focus our discussion on Rodriguez Mejia's claims and arguments.

[2] We review de novo questions of law and our subject matter jurisdiction. *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1217 (11th Cir. 2023). We review factual findings under the substantial-evidence test. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019).

*Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Issues not reached by the BIA are not properly before us. *Id*. The BIA did not consider whether Rodriguez Mejia's testimony was credible—rather, it assumed she was credible for purposes of her appeal and dismissed the appeal on other grounds. Therefore, we will not consider Rodriguez Mejia's argument regarding her credibility as it is not properly before us.

## II

To be eligible for asylum, an applicant must meet the Immigration and Nationality Act's definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines a refugee as a person outside the country of her nationality who is unable or unwilling to return to that country because of persecution, or a well-founded fear of persecution, on account of a protected ground, such as membership in a "particular social group." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The "on account of" element—known as the nexus requirement—requires that the protected ground was or will be "at least one central reason" for the persecution. *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1158 (11th Cir. 2019) (quoting INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i)). Additionally, an asserted social group must be cognizable, meaning that it qualifies as a "particular social group" under the INA by being—among other things—defined with particularity, based on an immutable shared characteristic, defined independently of the risk of harm, and socially distinct. *See Gonzalez*, 820 F.3d at 404.

To be eligible for withholding of removal, an applicant must show past persecution, or a clear probability of future persecution, on account of a protected ground. *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1286 & n.10 (11th Cir. 2020); *Ruiz v. Gonzales*, 479 F.3d 762, 766 (11th Cir. 2007). The protected grounds and the nexus requirement for withholding of removal are the same as for asylum. *Perez-Sanchez*, 935 F.3d at 1158.

A noncitizen who fails to argue an issue in her brief on appeal, or "makes only a passing reference" to it, abandons it. *Ruga v. U.S. Att'y Gen.*, 757 F.3d 1193, 1196 (11th Cir. 2014); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009). To preserve an argument, a party "must specifically and clearly identify a claim in its brief, for instance by devoting a discrete section of [her] argument to that claim." *Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1316 n.3 (11th Cir. 2013) (alterations adopted and quotation marks omitted). A simple statement "that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009). As a general rule, "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1326 (11th Cir. 2021); *see Chewy, Inc. v. U.S. Dep't of Labor*, 69 F.4th 773, 776 (11th Cir. 2023) (addressing only one of petitioner's challenges to agency decision because it was dispositive of petition).

Here, Rodriguez Mejia abandoned any challenge to the BIA's dispositive finding that the Honduran gang's threats and violence were not primarily motivated by her familial relationship with her husband.  In her brief, Rodriguez Mejia refers in passing to the gang's motivation in extorting her family, asserting briefly that her family was targeted because they constituted an immediate family.  Such a passing reference, which fails to develop any meaningful argument regarding the nexus issue, or even acknowledge the BIA's contrary nexus finding, constitutes abandonment and precludes our consideration of the nexus issue on appeal.  *See Ruga*, 757 F.3d at 1196; *Singh*, 561 F.3d at 1278.

Although Rodriguez Mejia's challenge to the BIA's cognizability conclusion regarding her social group is properly developed, there is no need for us to reach it because her abandonment of a challenge to the BIA's nexus finding is dispositive of her eligibility for asylum or withholding of removal.  *See Chewy, Inc.*, 69 F.4th at 776; *Farah*, 12 F.4th at 1326.

**PETITION DENIED.**