[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12233

Non-Argument Calendar

_____

SALVADOR CANAS-RIVAS,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-558-070

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges

PER CURIAM:

Salvador Canas-Rivas petitions for review of the decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, which the Board of Immigration Appeals ("BIA") affirmed without opinion.

Where the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency decision. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). We review the agency's legal conclusions *de novo* and the agency's factual findings under the substantial evidence test. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019).

We deem issues not raised in the petitioner's appellate brief to be abandoned. *Ruga v. U.S. Att'y Gen.*, 757 F.3d 1193, 1196 (11th Cir. 2014). We have "long held that [the petitioner] abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Abandoned issues "have no bearing on our decision." *Ruga*, 757 F.3d at 1196.

Here, while Canas-Rivas's brief argues generally that he is eligible for asylum, withholding of removal, and CAT protection, he fails to mention, let alone challenge, the actual grounds upon

23-12233                  Opinion of the Court                       3

which the IJ denied those claims.  Accordingly, he has abandoned any challenge to the agency's denial of his claims.

**PETITION DENIED.**