**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12523

Non-Argument Calendar

————————————

JEAN ELIE LOUISIL,
MARIE DARLINE SUPREME,
DAELY YAMALA LOUISIL-SUPREME,
MALORY ESTHER LOUISIL-SUPREME,

                                                    *Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

                                                    *Respondent.*

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-448-696

————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Jean Elie Louisil[1] petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the immigration judge's ("IJ") denial of his applications for asylum under Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c). He argues that the BIA erred in finding that he did not establish a nexus between feared persecution and a protected ground and that his resettlement from Haiti to Chile before entering the United States barred his application for asylum. He further argues that cumulative error warranted reversal. Additionally, he argues that the IJ deprived him of due process and a fair hearing by objecting to his counsel's line of questioning. The government responds by moving for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

---

[1] The petitioners in this case are Jean Elie Louisil; his wife, Marie Darline Supreme; and their two minor daughters, Daely Yamala Louisil-Supreme and Malory Esther Louisil-Supreme. Louisil is the lead petitioner and listied the other petitioners as derivative beneficiaries.

We only review the BIA's decision, except to the extent the BIA expressly adopts the IJ's decision. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016), *overruled in part on other grounds by*, *Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023). Where the BIA explicitly agrees with the IJ's reasoning, we will also review the IJ's decision to that extent. *Id.*

We review constitutional challenges, including alleged due process violations, de novo. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).

When the BIA concludes that a noncitizen has waived an issue by failing to raise it on appeal, we may review whether the BIA abused its discretion in finding the issue waived. *Id.* at 1144-45; *see also Clement v. U.S. Att'y Gen.*, 75 F.4th 1193, 1198, 1200 (11th Cir. 2023) (concluding that when the BIA deems an appeal to it to be voluntarily withdrawn, we have jurisdiction to determine whether the BIA correctly deemed the appeal withdrawn if the petitioner raises the issue before us).

A noncitizen who fails to argue an issue in their brief on appeal, or "makes only a passing reference" to it, abandons it. *Ruga v. U.S. Att'y Gen.*, 757 F.3d 1193, 1196 (11th Cir. 2014); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009). To preserve an argument, a party "must specifically and clearly identify a claim in its brief, for instance by devoting a discrete section of its argument to that claim." *Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1316 n.3 (11th Cir. 2013) (quotation marks omitted, alteration adopted). Additionally, "[a]s a general rule courts and agencies are not required

to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

To be eligible for asylum, an applicant must meet the INA's definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines a "refugee" as a person outside their country of nationality "who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion or membership in a particular social group. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). An applicant must establish a nexus between the feared persecution and a protected ground, demonstrating that one of the enumerated grounds "was or will be at least one central reason for persecuting" him. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). Additionally, as part of the burden of establishing asylum eligibility, an applicant "must show not only past persecution or a well-founded fear of future persecution, but also that she is unable to avail herself of the protection of her home country." *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir. 2007). An applicant's "failure to report persecution to local government authorities generally is fatal to any asylum claim" unless the applicant convincingly shows that those authorities would have been unable or unwilling to protect the applicant. *Id.*

An applicant is not eligible for asylum if he or she was "firmly resettled in another country prior to arriving in the United States." INA § 208(b)(2)(A)(vi), 8 U.S.C. § 1158(b)(2)(A)(vi).

A non-citizen is eligible for withholding of removal if he shows that, upon return to his country, he more likely than not will be persecuted there due to a protected ground, such as his membership in a particular social group. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). If an applicant cannot meet the well-founded fear standard of asylum, he generally will not be eligible for withholding of removal. *Kazemzadeh*, 577 F.3d at 1352.

To be eligible for CAT relief, an applicant must show that she more likely than not will be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2); *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004).

Individuals in deportation proceedings are entitled to due process of law under the Fifth Amendment. *Lapaix*, 605 F.3d at 1143. Due process requires that noncitizens are given notice and an opportunity to be heard in removal proceedings. *Id.* "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Lonyem v. U.S. Att'y Gen.,* 352 F.3d 1338, 1341-42 (11th Cir. 2003). "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix*, 605 F.3d at 1143. However, the "failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (quoting *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008)).

The INA states that the IJ shall, among other things, "receive evidence[] and interrogate, examine, and cross-examine" the noncitizen and any witnesses during removal proceedings.  INA § 240(b)(1), 8 U.S.C. § 1229a(b)(1).  And the relevant regulations contain similar language and further state that "immigration judges shall exercise their independent judgment and discretion and may take any action consistent with their authorities under the Act and regulations that is appropriate and necessary for the disposition" of cases before them.  8 C.F.R. § 1003.10(b).

Here, Louisil's brief only challenges the BIA's denial of his asylum claim and includes no argument about the BIA's holding that his claim for CAT relief was waived on appeal.  Additionally, Louisil's brief includes no argument that the BIA erred in affirming the denial of his claim for withholding of removal.  As a result, Louisil has abandoned his withholding of removal and CAT claims.

Summary affirmance is warranted because the government's position is clearly correct as a matter of law such that there is no substantial question as to the outcome of the case.  *Groendyke Transp., Inc.*, 406 F.2d at 1162.  The BIA found that Louisil waived any challenge to the IJ's determination that he failed to establish that the Haitian government was unable or unwilling to help him.  This waiver finding was dispositive of his asylum claim.  Louisil's only argument to us relevant to this issue is his inaccurate claim that he discussed Haitian police incapacity in his BIA brief, as he did not address Haitian police in his BIA brief.  Therefore, Louisil has

failed to show that the BIA abused its discretion in its waiver determination. This determination was dispositive, so we need not consider Louisil's arguments challenging the BIA's nexus finding, firm-resettlement finding, or cumulative error.

In addition, the government is clearly correct as a matter of law that the BIA correctly found that Louisil failed to show that his due process rights were violated because he has not shown that he was deprived of liberty without due process of law or that any error caused him substantial prejudice. The IJ was clearly within his broad authority to object to Louisil's counsel's irrelevant question about Louisil's current job in the United States. The IJ once asking whether the government objected following a question about the gang in Chile was not biased advocacy for the government. And even if the IJ erred, neither error substantially prejudiced Louisil because he was not prevented from addressing any relevant issues to his application and the objected-to questions were irrelevant to the dispositive issue of whether the Haitian government was unable or unwilling to help him.

Accordingly, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**PETITION DENIED.**